**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZIA SHAIKH, | : <br> : <br> : Case No. 3:20-cv-02540 (BRM) <br> : <br> : **OPINION** <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| MADELINE F. EINBINDER, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Zia Shaikh's Complaint (ECF No. 1), a memorandum of law in support of an emergent motion for preliminary injunction (ECF No. 5), and an Emergent Motion for Preliminary Injunction to prevent certain defendant judges from presiding over his state court family cases (ECF No. 6).

As indicated by this Court's Order dated July 6, 2020 (ECF No. 3), which granted Plaintiff's *in forma pauperis* application, this matter is subject to *sua sponte* screening by the Court. In other words, under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases.").

When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

Here, Plaintiff alleges claims against five state court judges from Ocean and Monmouth Counties, all of whom presided over or have ties to Plaintiff's family court dispute dating back to 2014. Plaintiff advances claims challenges the decisions, competence, and motives of the judges. However, a judicial officer in the performance of his or her duties enjoys absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Absolute judicial immunity applies to all claims, whether official-capacity or personal-capacity, based on judicial acts. *See Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.") (3d Cir. 2010) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The immunity is not vitiated by "allegations of malice or corruption of motive." *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (quoting *Gallos v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

"[Judicial] immunity is overcome in only two sets of circumstances," *Mireles*, 502 U.S. at 11, neither of which apply here. Accordingly, Plaintiff's complaint is **DISMISSED** in its entirety, and the motion for a preliminary injunction is **DENIED** for failure to establish to requisite elements. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). An appropriate Order follows.

Dated: November 24, 2020

>                    */s/ Brian R. Martinotti*
>                    **HON. BRIAN R. MARTINOTTI**
>                    **UNITED STATES DISTRICT JUDGE**